UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA                :

   -v.-                                                    :        11 Cr. 973 (PAE)

KAP SUN TAYLOR,                              :

                  Defendant.         :

---------------------------------------------------------------x


# GOVERNMENT'S SENTENCING MEMORANDUM


                                           PREET BHARARA
                                           United States Attorney for the
                                           Southern District of New York
                                           One St. Andrew's Plaza
                                           New York, New York 10007


Edward A. Imperatore
Assistant United States Attorney
 - Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 6, 2013

**BY HAND AND ECF**

The Honorable Paul A. Englemayer
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re:    **United States v. Kap Sun Taylor**,
             11 Cr. 973 (PAE)

Dear Judge Engelmayer:

    The Government respectfully submits this memorandum in advance of the sentencing of Kap Sun Taylor (the "defendant"), scheduled for 10:00 a.m. on Monday, May 13, 2013. For the reasons set forth below, the Government submits that the Court should impose a sentence within the applicable Guidelines range of 6 to 12 months' imprisonment.

**The Defendant's Conduct Calls for a Sentence Within the Guidelines Range**

    As calculated by the United States Probation Office (the "Probation Office") and as set forth in the defendant's plea agreement, the advisory Guidelines range in this case is 6 to 12 months' imprisonment. The Government submits that, on the facts of this case, a sentence within the Guidelines range is appropriate because such a sentence adequately balances all of the factors that the Court is required to consider under Title 18, United States Code, Section 3553(a).

    The defendant pleaded guilty to hiring for employment at least 10 individuals with actual knowledge that such individuals were unauthorized aliens who had been brought into the United States, in violation of Title 18, United States Code, Subsection 1324(a). From at least 2010 through 2011, the defendant owned and operated a brothel known as the "Beach Spa," whose employees offered sexual services to customers in exchange for money. (PSR ¶¶ 11-13.) In her capacity as the Beach Spa's owner, the defendant oversaw the day-to-day operations of the Beach Spa and handled its employees and business matters. As a regular part of her business, the defendant knowingly harbored and employed as prostitutes numerous young women who were illegal aliens. (*Id.* ¶ 15.) These women lived at the Beach Spa for five days per week and were "on call" 24 hours for each of those days to provide sexual services. (*Id.* ¶ 14.) Employees

Hon. Paul A. Engelmayer
May 6, 2013
Page 2

who were interviewed by federal agents indicated that the defendant never asked them to fill out any employment paperwork or provide the Beach Spa with immigration paperwork.

The defendant's offense is serious and requires a sentence that will provide just punishment for the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A-B). Although the defendant seeks a below-Guidelines sentence principally on the ground that she was mistreated as a young woman (Def. Mem. 1-2), the defendant herself claimed numerous young women as victims. The defendant personally profited from her prostitution enterprise and the work of those victims, many of whom were young, vulnerable, and in the United States illegally.

Moreover, the defendant previously was convicted of ten prostitution offenses, including two offenses relating to the defendant's operation of brothels elsewhere in Manhattan. (PSR ¶¶ 35, 41). In one instance, the defendant was convicted of bribing police officers $500 to allow her to keep her brothel in business and to close her competitors' brothels. (*Id.* ¶ 41). In connection with her prostitution convictions, the defendant consistently received substantial leniency from sentencing courts. The defendant, however, did not learn from her prior contact with the criminal justice system and instead continued to operate an illegal brothel.

In these circumstances, the Government respectfully submits that the history and characteristics of the defendant do not outweigh the compelling interests in, among others, providing just punishment in view of the victimization caused by the defendant's conduct and affording adequate deterrence. Given the sophisticated nature of the defendant's enterprise and her prominent role in the sex trade of immigrant women, a non-custodial sentence, as the defendant requests (*Id.* at 3), is simply not warranted.

## Conclusion

For the reasons set forth herein, the Government submits that a sentence within the Guidelines range of 6 to 12 months' imprisonment is appropriate.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: */s/ Edward Imperatore*
Edward A. Imperatore
Assistant United States Attorney
Southern District of New York
(212) 637-2327

cc: Kelley Sharkey, Esq. (by electronic mail and ECF)